IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS RAY TYRONE DRUERY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-835 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

On July 26, 2010, this Court entered judgment for the Respondent and dismissed Marcus Ray Tyrone Druery's petition for a writ of habeas corpus. If Druery wished to appeal the judgment, he was required to file a notice of appeal within 30 days, or no later than August 25, 2010. Fed. R. App. P. 4(a)(1)(A). Druery, who has been represented by attorney David A. Schulman throughout his federal habeas corpus proceedings, did not file a notice of appeal by August 25. On September 3, 2010, Druery, through his attorney, filed a motion for an extension of time to file his notice of appeal.

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure grants a district court authority to extend the time to file a notice of appeal if the party moves for the extension within 30 days after the time to file the notice expires and the party demonstrates good cause or excusable neglect for his failure to file a timely notice. Druery's motion comes less than

1

30 days after his time expired, but he fails to demonstrate either good cause or excusable neglect.

Mr. Schulman states that he was out of his office for most of the week of July 26, 2010, but acknowledges that he received electronic notice of the judgment on July 29, 2010, only three days after judgment was entered. He also claims at some length that his client is mentally ill and that he sought expert advice regarding Druery's alleged mental illness. While this would appear to be an argument that Druery's alleged mental illness constitutes good cause for the failure to file a timely notice, Schulman acknowledges that Druery's mental status was not the reason he failed to file. Rather, Schulman admits that "[n]o action was taken on the instant case based on [Schulman]'s mistaken belief that he had already eFiled the notice of appeal." Motion for Extension of Time at 3.

> The provisions of Rule 4(a) are mandatory and jurisdictional. The "excusable neglect" standard of that rule is intended to be a strict one. A strict construction of Rule 4(a)(1) necessarily and logically compels us to erect a high threshold in our determination of "excusable neglect" under Rule 4(a)(5). Loosely interpreting "excusable neglect" would convert the 30-day period for appeal provided in FRAP 4(a) into a 60-day one-a result clearly not intended by the Rule's framers.

*Allied Steel v. City of Abilene* 909 F.2d 139, 142-43 (5th Cir. 1990) (internal citations and quotation marks omitted). Under this strict standard, Schulman's confusion about whether he did or did not file the notice is not excusable neglect. *See United States v. Clark*, 51 F.3d 42 (5th Cir. 1995).

Druery's alleged mental illness does not demonstrate either good cause or excusable neglect. If Schulman was unsure whether his client wanted to appeal, he could have filed a timely notice to preserve Druery's rights, and later withdrawn the notice if he determined that Druery did not wish to proceed and was competent to waive his appeal. As Schulman concedes in his motion, Druery has never indicated that he does not wish to pursue all possible appeals. Nor does any implied argument that Schulman was so distracted by Druery's alleged mental illness strengthen Schulman's position.

> Almost any party to any dispute could argue truthfully that unique or extraordinary circumstances had distracted its attention. District courts would have no principled means of distinguishing among circumstances. Requiring courts constantly to adjudicate claims of extraordinary or unique circumstances would defeat the purpose of the time limitation in Rule 4(a)(1)-to provide a definite point at which, in the absence of a notice of appeal, litigation will cease. Rule 4(a)(5) clearly indicates that potential appellants may not regard the period during which a district court may extend the time for filing a notice of appeal as a further period in which to ponder their options.

*Allied Steel*, 909 F.2d at 143 (internal citations omitted). Accordingly,

Petitioner's Motion for Extension of Time to File Notice of Appeal (Docket Entry 17) is **DENIED**.

Signed at Houston, Texas, on September 21, 2010.

_____
Gray H. Miller
United States District Judge